HENDERSON et al. v. TRAVIS.

No. 4233.

Court of Civil Appeals of Texas. Texarkana.

Sept. 24, 1932.

Rehearing Denied Oct. 6, 1932.

W. H. Barnes, of Terrell, Bramlette & Meredith and Lacy & Molhusen, all of Longview, and George Prendergast, of Marshall, for appellants.

Chastain & Whittington and Campbell, Lee & Taylor, all of Longview, and Mayfield & Grisham, of Tyler, for appellees.

WILLSON, C. J. (after stating the case as above).

The finding of the trial court that the appellee church on January 18, 1931, ratified the lease of January 16, 1931, to John R. Alford, made by parties acting as its deacons and trustees, is attacked as without support in the evidence. There was testimony that the church by a resolution adopted January 15, 1931, "empowered and authorized" said deacons "to execute (quoting) an oil and gas lease upon the one acre of land" and "to sell said lease and any part of the royalty upon such terms as to them (quoting further) may seem best to the interests of said Sabine Valley Church." If the resolution was adopted at the time specified, authority existed in the deacons to act for the church as they did on January 16, 1931, and their act needed no ratification. If the resolution was not adopted until January 18, 1931, as found by the trial court, we think it should be construed as that court construed it; that is, as a ratification by the church of the act of the deacons on its behalf. It is insisted the evidence did not warrant a finding that the resolution was adopted by the church, but we think it did and overrule the contention.

It follows we agree with the trial court in the conclusion he reached that the lease to Alford was valid. If that lease was valid, the one afterward made by the church to Hen-

derson was ineffective, unless Henderson was in the attitude of an "innocent purchaser," and we think it conclusively appeared he had notice of the lease to Alford and therefore was not in that attitude.

■■ By the terms of the lease to Alford he was to own seven-eighths of the oil and gas produced and saved and was to deliver to the church the remaining one-eighth thereof. Appellants Alford, Drane, and Love claimed that the church by an instrument dated March 12, 1931, conveyed to them one-half of the interest (to wit, one-eighth) in the oil and gas owned by it after the lease to Alford, and appellant Henderson claimed that the church by an instrument dated March 14, 1931, conveyed to him one-half of said interest. The trial court concluded that the conveyance to Alford, Drane, and Love was invalid and the conveyance to Henderson valid, and on the theory that the church therefore still owned one-half of one-eighth of the oil and gas rendered judgment therefor in its favor for such one-half. Both appellant Henderson and appellants Alford, Drane, and Love complain of the judgment in the respect stated.

The complaint of Henderson we think is plainly without merit. If, as was determined by the judgment, he owned only one-half of one-eighth of the minerals, it was no concern of his that the court may have erred in determining that the church was the owner of the other one-half of said one-eighth. The complaint of Alford, Drane, and Love is on the theory that the judgment in said respect was without support in the church's pleadings. In its petition the church alleged that it was the owner of the fee in the land and that it also owned, quoting, "a one-half interest in the mineral title to said property, subject to oil and gas lease executed by it to John R. Alford." In its said petition, the church adopted as its own the pleadings of Alford, Drane, Whittington, and the G & A Oil Corporation, including the allegation therein that they owned one-half interest in the minerals subject to the lease to Alford, and prayed "that plaintiff (quoting) take nothing by his suit and the defendant A. W. Henderson take nothing by his plea over and against the defendants John R. Alford, F. N. Drane, R. C. Love, J. C. Whittington and the G & A Oil Corporation and the intervenor Sabine Valley Baptist Church and that your intervenor have affirmative relief and judgment against the plaintiff and against the defendant A. W. Henderson cancelling the oil and gas lease as made to the said Henderson as well as the mineral deed made to said Henderson, * * * and all other relief, special and general, legal and equitable, to which it may be entitled." The evidence warranted the findings of the court that Henderson owned one-half of one-eighth of the minerals and that the church owned the other one-half of said one-eighth. The church having alleged and proved it owned said one-half of one-eighth and having prayed for general relief, we do not think its adoption of the allegation in the pleadings of Alford, Drane, Love, Whittington, and the G & A Oil Corporation, that they owned an interest of one-half of one-eighth of the minerals, was a reason for denying it a recovery of said interest. The church's adoption of said pleadings reasonably could not be held to operate as an estoppel against it to claim the interest awarded to it by the judgment, in view of the fact that it was before the court by its pleadings and proof asserting it owned such an interest.

The judgment is affirmed.